UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| THE GROVE OF PEORIA, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-2109-JES-JEH |
| ) | |
| FRIEDMAN BROKERAGE COMPANY, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION

This matter is now before the Court on the Plaintiff's Motion to Remand this matter to Illinois State Court (Doc. 9), Defendant's Response and Objection (Doc. 10), and Plaintiff's Reply (Doc. 11). For the reasons indicated below, Plaintiff's Motion to Remand is GRANTED.

## BACKGROUND

On April 24, 2023, Plaintiff, The Grove of Peoria LLC ("Grove"), filed a complaint in the Circuit Court of Peoria County, Illinois, No. 2023 LA 95. Plaintiff alleged that Defendant Friedman Brokerage Company, LLC ("Friedman), violated the parties' Property Management Agreement ("Agreement") through mismanagement of the Grove property. Grove asserted breach of contract, breach of fiduciary duty, and negligence claims; seeking damages in excess of $600,000.00. Plaintiff identified Grove as an Illinois limited liability company with its principal place of business in Wilmette, Illinois, and Friedman as an Illinois-registered foreign entity with its principal place of business in Farmington Hills, Michigan. *See* (Doc. 1-1).

On May 10, 2023, Defendant Friedman filed a timely Notice of Removal to federal court under 28 U.S.C. § 1441 et seq., asserting diversity of jurisdiction and an amount in controversy over $75,000. 28 U.S.C. § 1332(a). (Doc. 9-3). On May 15, 2023, in the state court case, Defendant filed a Notice of Removal and a Proof of Service to Grove. (Doc. 9-4). On June 14,

1

2023, Grove filed a Motion to Remand to state court, and later a supporting brief, claiming that removal to federal court was improper as it violated the forum selection clause of the parties' Agreement, requiring that litigation be conducted in the Circuit Court of Peoria County.

Defendant does not contest that the forum selection clause would otherwise apply but claims that Plaintiff waived this defense when the motion was not filed within 30 days of removal. Defendant asserts, and Plaintiff disputes, that this matter is governed by 28 U.S.C. § 1447 *Procedures after removal generally* that states in relevant part:

> (c) A motion to remand the case on the basis *of any defect* other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . .

(emphasis added).

The parties do not contest the Court's subject matter jurisdiction under § 1447(c) ("the Act"), nor could they, as it is clear that the federal courts have subject matter jurisdiction over controversies regarding forum selection clauses. *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 12 (1972). The issue here is whether the parties' forum selection clause, the basis for the remand, is a "defect" under the Act. If so, the 30-day filing requirement applies. If not, § 1447(c) and its filing deadline do not apply.

While § 1447(c) is the issue here, the Court must also briefly discuss 1447(d) which prohibits appellate review of a district court's remand order. *See* 28 U.S.C.A. § 1447(d):

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 [where a federal defendant is named a party] or 1443 [civil rights action] of this title shall be reviewable by appeal or otherwise.

2

While reviewability under § 1447(d) is not an issue for the district court, in the cited decisions the appellate courts, in determining reviewability under § 1447(d), first determined whether the issue on remand was a "defect" under § 1447(c).

The Court now determines whether the forum selection clause in the parties' Agreement represents a "defect" under §1447(c). If so, § 1447(c) applies and Plaintiff was obligated to file the Motion to Remand within 30 days of the Notice of Removal.

## ANALYSIS

As Plaintiff notes, there is no Seventh Circuit case directly on point; that is addressing whether a forum selection clause is a "defect" for the application of § 1447(c). (Doc. 11-1 at 4). As a result, the Court has reviewed Supreme Court decisions and decisions from other circuits addressing this and related issues. Some of these decisions were based on prior iterations of the Act. This is of little consequence, however, as the courts have found the prevailing caselaw relevant whether it arose from the original 1948 version of the Act or its 1988 and 1996 amendments. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1254 (11th Cir. 1999) (*Historical Interpretation of § 1447(c)* finding that the courts have uniformly interpreted § 1447(c) no matter which version was in effect). *See also Cook v. Wikler*, 320 F.3d 431, 435 n.5 (3d Cir. 2003) (finding the 1996 amendment to § 1447(c) "does not appear to disturb the large body of caselaw" involving the interpretation of § 1447(c)).

As Plaintiff correctly asserts, "courts have almost universally" found that forum selection clauses are not defects under §1447(c). (Doc. 11-1 at 2) (citing *Kamm v. ITEX Corp.*, 568 F.3d 752, (9th Cir. 2009). In *Kamm*, which reviewed the current 1996 amendment to the Act, the Ninth Circuit noted, "at least four other circuit courts have determined that a forum selection clause is not a 'defect'" invoking § 1447(c). *Id*. at 755. It found that a forum selection clause

3

operated outside of the removal statute and was "similar" to other grounds for not exercising jurisdiction such as abstention and declining supplemental jurisdiction. *Kamm* noted that the Supreme Court "explicitly held that remands based on abstention and declining to exercise supplemental jurisdiction are not covered by § 1447(c)." *Id*. at 756 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12, (1996) (abstention); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 355 n.11, (1988) (supplemental jurisdiction). *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995) (identifying the grounds for remand recognized under § 1447(c) as a "defect in removal procedure or a lack of subject-matter jurisdiction."

A case from the Eleventh Circuit, *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1258 (11th Cir. 1999), definitively stated that § 1447(c) referred to a defect in the removal process, "the term 'defect' refers to removal defects, and is not synonymous with 'any remandable ground.'" *Snapper* noted, "courts were unanimous in holding that remands in the contexts of forum selection clauses, abstention, and supplemental jurisdiction were not remands based upon defects in removal procedure, and thus were not remands provided for in § 1447(c)." *Id*. at 1256-57.

This holding was adopted by the Tenth Circuit in *City of Albuquerque v. Soto Enterprises, Inc.*, 864 F.3d 1089, 1097 (10th Cir. 2017) (interpreting the 1996 amendment to § 1447(c)). "We agree with *Snapper* and other circuits that this statutory history shows that 'any defect' is limited to a failure to comply with the statutory requirements for removal." *See id*. at 1095 "the following grounds fall outside the 'any defect' group: (1) the district court's discretionary decision not to exercise supplemental jurisdiction; (2) the district court's discretionary remand of pendent claims; (3) abstention; (4) waiver of the federal forum in a forum-selection clause; and (5) the district court's crowded docket." *See also Roche Constructors, Inc. v. One Beacon Am Ins.*, No. 11-01903, 2012 WL 1060000 at *3, (D. Colo. Mar. 28, 2012) (stating, "All courts of

4

appeal that have addressed this issue have concluded that a forum selection clause is not subject to the thirty-day requirement.") (citing *Graphic Communications Local 1B Health and Welfare Fund 'A' v. CVS Caremark Corp.*, 636 F.3d 971, 975 (8th Cir. 2011) (finding that despite the "broad language" of § 1447(c), it was construed to apply to defects in the removal procedure, "whereas removals based on abstention, among other doctrines, were held to be outside the scope of the statute.") (internal citation omitted).

While the Seventh Circuit has not weighed in on whether a forum selection clause is governed by § 1447(c), it has reviewed § 1447(c) in the context of a waiver defense. In *Rothner v. City of Chicago*, 879 F.2d 1402 (7th Cir. 1989), under a prior version of § 1447(c), the Seventh Circuit found that a waiver defense did not come under the Act, stating "Both the Second and Ninth Circuits have held that remands based on contractual waivers contained in pre-litigation documents are not within the ambit of § 1447(c)." *Id*. at 1416-17. While *Rothner* did not consider a forum selection clause, its holding can confidently be extended to the issue as, like the waiver in *Rothner*, a forum selection clause is a "contractual waiver" from a "pre-litigation document."

This issue was discussed in *Wis. Freeze Dried, LLC v. Redline Chambers, Inc*., 375 F. Supp. 3d 1038, 1043-44, a case in this circuit. There, the court found that a motion to remand based on a forum selection clause was not "procedural" under § 1447, but rather, "a remand under a judge-made rule that allows a federal court to implement substantive contract law." (citing *Rothner* and *Snapper*). There have been several other courts in this circuit, however, which have found to the contrary. In *Seminole Sports Mgmt., LLC v. McDermott Cue Mfg., Inc.*, No. 06-847, 2006 WL 8446419, at *1 (E.D. Wis. Nov. 1, 2006), under § 1447(c), the court denied a late-filed motion for remand based on a contractual forum selection clause. In *Paganelli*

*v. Lovelace*, No. 19-60, 2019 WL 13177804, at *1 (N.D. Ind. June 11, 2019), the court characterized a forum selection clause defense as a § 1447(c) "procedural defect" which was waived when not filed within 30 days of the notice of removal. This Court, of course, is not bound by these decisions. *See Camreta v. Greene*, 563 U.S. 692, 730 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

      Defendant has filed only a cursory response, asserting that a party may not move for remand, "for any defect other than lack of subject matter jurisdiction." (Doc. 10 at 3). Defendant claims, without support, that all motions for remand must be viewed under § 1447(c) unless a jurisdictional challenge is raised. Under this assumption, Defendant asserts that Plaintiff does not contest jurisdiction so § 1447(c) and its 30-day filing limit apply. Defendant offers a scant page of argument, citing cases which do not discuss forum selection clauses; and failing to discuss the caselaw which has found forum selection clauses are not governed by § 1447(c) and its filing limit.

      Here, there is no definitive Seventh Circuit case examining §1447(c) in the context of a forum selection clause. In addition, there is a split among this circuit's district courts, with *Redline* finding that forum selection clauses are not defects which come under the Act; and *Seminole Sports Mgmt.* and *Paganelli* arriving at the opposite conclusion. The Court is confident, however, that the Seventh Circuit would extend its holdings in *Rothner* (a motion to remand based on a contractual waiver defense does not come under § 1447(c)), and join the other circuits in finding that a forum selection clause defense does not come under § 1447(c). As a result, § 1447(c) and its 30-day limit do not apply in this case.

*Kamm*, additionally noted that where § 1447(c) does not apply, § 1447 "simply does not contain a time limit for a motion to remand to state court based on a forum selection clause." 568 F. 3d at 757. It found, however, that a district court has the discretion "to deny such a motion if it is not raised on a timely basis.' *Id*. Here, Plaintiff moved to remand within 35 days of removal and within 30 days of service by Defendant. As a result, the Court finds the motion to remand was filed within a reasonable time.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. 9) is GRANTED. This cause is remanded to the Tenth Judicial Circuit, Peoria County, Illinois without apportionment of costs or expenses. The District Clerk is to mail a certified copy of this order to the clerk of the State court. The State court may thereafter conduct all further proceedings in this case.

Entered on this 25th day of July, 2023.

s/ James E. Shadid
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE
